Next case on the docket is People of the State of Illinois v. Glendale F. Jackson, clause number 5-09-0589. And for the appellant, so whenever you're ready, Mr. Evers. You may proceed, sir. Good morning, Your Honors. I don't have nearly as entertaining a story to talk about, so I'm going to start talking about the statutory construction argument that we have raised in our brief. Mr. Jackson pled guilty to aggravated participation in methamphetamine manufacturing, more than 15 grams, less than 100 grams. This was after he had pled guilty to a similar offense, more than 100 grams and less than 400 grams, in which he was sentenced to 12 years imprisonment, but promised that he would get day-for-day good time when he got to the Department of Corrections. The Department of Corrections told him, no, that's wrong, you're going to serve 75%. He went back and renegotiated this guilty plea, got 10 years, but they all agreed or thought that he would be serving 75% of the time. In looking at the statute, you would have to say that, in interpreting it, that the defense, the state attorney, and the judge were wrong in thinking that 75% of the time applies. The statute in question is Section 3-6-3, subsections A, 2B of the Unified Code of Corrections on page 2 of our brief. And if you will look at that, you will notice that after the words Class X Felony Conviction 4, there's a long section of controlled substances offenses, including aggravated participation in methamphetamine manufacturing. And then at the end of that long list of controlled substances offenses, it says, when the substance containing the controlled substance or methamphetamine is 100 grams or more. So in our case, the issue of statutory construction is whether that phrase modifies all those controlled substances offenses. And we would argue that they do. And the last guilty plea was to 15 to 100. Right. So if it applies to him, he's not over 100. He's not over 100. And so, therefore, the good time provision of 75% would not apply day for day. Good time would apply. And when you look at the Department of Corrections website for his conviction and his outdate, and indeed, the calculations come out and show that he's serving 75% of the time. What's your request of relief? We simply want you to modify the minimus to show that he's able to be at 50% and that 75% is not the correct good time provision. Want us to not remand it back down to the trial court? You could remand it down to the trial court with an order saying that you should put in 50% if that's what the court wants to do. Either one is within this court's power. What does the current minimus say? Does it say 75%? Yes, the current minimus says 75%. Okay. You're saying that's a void order? And that is a void order. Any sentence has to conform to the statutory requirements of this state. Any sentence that is in excess of what those statutes provide is void. And this court has the authority to vacate that portion of the voidness of the sentence and make sure that it conforms to the statutes. That's how we get to your statutory construction issue, even though it was never raised in the trial court. Right. The state does argue that this is forfeited. It was not raised in the original post-conviction. And it is simply a matter that it's void. And the only thing I can say after that is void, void, void, void. And that's where we're going to be. If this court were to say it's not in the post-conviction, it has to go back, then he simply is going to refile the post-conviction. He's going to say this is void. He's going to say that the statute did the same thing and then bring it back on keep. And in that light, judicial economy always comes into effect on that. But the voidness of it gives you the jurisdiction to enter in order to remove that void part of the sentence and allow him to be serving 50%. With that simple matter of statutory construction and the really clearness of the record, we would argue that, urge your honors to modify the minimus or order the circuit court to modify the minimus to show that he gets 50% good time. Thank you, your honors. Good morning. I'll start off by agreeing that it is a question initially of whether the sentence was void. If it was void, there's no question of forfeiture. However, as counsel pointed out, both the trial court judge, the public defender, the state attorney, all of them believe that the defendant was sentenced under this statute. Now, as far as my research goes, I could not find any case that discussed the statutory construction of the statute. My conclusion of that, and that compounded with the fact that all three of these bright individuals below us didn't see this as a problem, is that this statute is appropriate for the defendant, that the 100 grams qualifier only applies to methamphetamine conspiracy. There is a comma, you will notice, again, that statute is on page two of the defendant's brief. There's a comma for every single offense except methamphetamine conspiracy. There has to be a reason for that, because they're distinguishing the crimes. Now, the defendant points out that the phrase class X felony four appears at the beginning of the list of the class X felonies. It applies to all of those felonies. By virtue of that, the 100 grams qualifier should apply to all the preceding crimes. Well, that doesn't make any sense. The whole point that the state is articulating is, if it was the legislature's intent for that qualifier to apply to all the offenses, it would have been at the beginning of the statute. It would have been at the beginning of the list of the offenses, not at the end. That's counterintuitive. So your argument is that that qualifier of more than 100 grams only applies to meth... Conspiracy. Conspiracy. Yes. And why, at the end, would there be the phrase substance containing the controlled substance or... Methamphetamine. Your Honor, when you look at the methamphetamine conspiracy statute, that can include other substances other than pure methamphetamine, such as methamphetamine precursors. Now, the defendant pointed out... Those would not be controlled substances, though, under the Controlled Substances Act. Well, Your Honor, that's what the defendant argued in his reply brief. However, the definition for controlled substances in the Controlled Substances Act is, quote, a drug, substance, or immediate precursor. And that's Section 570-102, subsection F. Methamphetamine precursors are a crime under the Controlled Substances Act. It's got a range of Class II to a Class X felony. To argue that that's not a controlled substance lies in the face of the statute itself. If the legislature was only talking about methamphetamine and its precursors, why wouldn't they have put in there precursors instead of substance containing controlled substances? Right, Your Honor. And I think that's because methamphetamine conspiracy, there are a number, and I don't have that statute in front of me, there are a number of components to it. I think the real question is if it was the legislature's intent for that 100 grams to apply to all the offenses, why wasn't that 100 grams placed at the beginning of the statute or after each offense? Or even if at the end, why was the phrase 100 grams or more shall apply to all the preceding offenses? I think when you're looking at the statute on its face, there's nothing to indicate that it should apply to any of the other offenses other than methamphetamine conspiracy. There is no case on here that shows that there's any controversy. There's no case on the books that I can find. I want to address also the issue that came up earlier as to what the requested relief is. If this court were to find that the defendant's sentence was void, the state would argue the proper remedy is to remand to the trial court so that the negotiated plea can be vacated. And here's the reason. As counsel pointed out, the defendant was originally found guilty or not guilty. He was charged with producing over 400 grams. That charge was reduced to under 400 grams. And the state's attorney recommended the 12-year sentence with day-for-day credit. Fine. They all realized there was a mistake. He wasn't going to be able to get day-for-day credit. He was allowed to withdraw his plea. The state's attorney again reduced the charge to less than 100 grams. And it's very clear in the record that he reduced that charge to offset the 75% requirement. Now, the defendant was well aware of this. The common law record at 162 shows that plea hearing, he knew he would be serving 75% of a 10-year sentence. It's clear that the reason it was reduced that low was to offset that. To allow the defendant now to challenge that plea agreement, to challenge that sentence, but keep the benefit of his bargain would result in an injustice. Now, 604D, granted, defendant is not required to withdraw his plea if there is a void sentence. But the reasoning behind 604D is still here. The second plea was for him to serve approximately the same amount of part-time as the first plea. Exactly. So, if your honors were to allow him to receive day-for-day credit on a 10-year sentence, that's five years. That's less than what he originally would have received, what he originally wanted, day-for-day credit on his 12-year sentence. It's very clear that the state's attorney was reducing this charge. And you're saying that's what was bargained for? That was over. And that's what he had been arguing this whole time. He had been arguing, I want day-for-day credit on my 12-year sentence. That's what he wanted. Day-for-day credit on a 10-year sentence, he's getting less than what he originally would have wanted. What should happen is it should be remanded and both parties can be returned to the status quo. And they can decide from there how to proceed. He couldn't be given a greater sentence, could he? Your honor, if the sentence were not to be vacated, or if the plea were not to be vacated. If the sentence were vacated? I mean, I can't put my finger on the statute right away, but we do have a statute in Illinois that says if a sentence is vacated on direct or collateral attack, on resentencing, the defendant can't be given a greater sentence. Your honor, I am not aware of that. I know if the state's attorney was allowed to reinstate the original charges, which would come back to the defendant with over 400 grams, that sentence, obviously in that case, would go up. And in fact, in that case, this statute would clearly apply to the defendant because then he would have produced more than 100 grams. I'm not sure if... If this was remanded back to the trial court, would the state be allowed to reinstate the original charge, you think? We believe if the negotiated plea was vacated, then the state should be allowed to reinstate the original charges against the defendant based on the fact that this was a mutual mistake. First of all, the state doesn't concede, first of all, that this statute doesn't apply to the defendant. But if your honors were to find that it was a void sentence, then the state should be able to reinstate the original charges because that negotiated plea was based on an understanding, an understanding that both parties shared that the defendant was subject to this statute. So the record will reflect that the state attorney says, as pursuant to this plea agreement, we are reducing the charge from the Class X down to Class I or whatever it was. That was, yes, and that is around the Common Law 162 when they were talking about the plea agreement. The state attorney said, yes, we made a mistake. We all thought that he was going to get day-for-day credit. That legislation that changed that was retroactive, so we're going to lower it. So he lowered the charge so it's closer to what he had originally bargained for. And he agreed, because essentially this was a good deal. The minimum sentence for over 400 grams is 15 years. So he agreed to that, and that's where we were. Nonetheless, despite the fact that the defendant was, the defendant's not required to vacate, at least under 604D, it would be in the interest of justice to remand this to the trial court instead of amending the sentencing order outright. If you have any other questions, then I would briefly conclude by just saying that the statute is clear on its face. The antecedent doctrine, which is cited in the People's Brief I won't rehash, specifically states that in cases like this, qualifying freezes are applied to immediately preceding flaws, not to clauses that are more remote. That statutory construction, the fact that there's no case law that says that the statute is ambiguous would require the court to affirm the defendant's sentencing. The medal. First of all, it would be nice if the legislature always wrote nice, clear, perfectly written statutes. I think we would all prefer that. It's been my experience that they sometimes do not write real nice, clear, understandable statutes. And this one falls kind of in. It's not really well written, but it gets its point across, I believe. And that gets into, what was the legislative intent? And as Justice Stewart pointed out, why would they put in the phrase containing the controlled substance in that line if it didn't refer to everything above it about Class X convictions for controlled substances offenses? And the only conclusion that I can come to is that they put it in there because it does modify all those offenses above that phrase and is meant to include that for the amount of 100 grams. All those offenses have to have more than 100 grams. The idea that the controlled substance, the words controlled substance might include the precursor, again, Justice Stewart really is hitting on all soldiers when they would have used precursors and not plowed things up by saying controlled substances. That would have been clearer. And if you have to say that this isn't real clear to them and that there's some kind of ambiguity, then you have to give that to the rule of leniency and mark it down for the defendant to win and that day-for-day good time applies. There's nothing wrong with the sentence, 10-year sentence under the statute. It's a question of how much good time he potentially might get. That's right. He might not get any good time. He might not get any good time. He might have to serve the whole 10 years. So that's really what the question is. That's right. And I found the statute now, 5-5-4, 730 ILCS 5-5-5-4A says, where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence. Yes. Do you agree if we remanded it for resentencing, the court could not give a more severe sentence? If you remanded it for resentencing... This hasn't been addressed in the past. I mean, this is negotiated guiltily. And first of all, Mr. Jackson does not want guiltily vacated. If there is some kind of equitable solution about how that works, I'm not sure. Well, here's my question. Is there any reason for us to remand for resentencing if the only issue is how much potential good time is available to him? I don't believe so because the question is simply whether the statutory interpretation and whether 75% applies or day-for-day applies, and that is something that the Department of Corrections will determine, not something that the circuit court will determine. I have to admit that this is a negotiated guilty plea, and if the guilty plea were vacated, then he'd go back and the state could bring back the original charge, and that at any future time, he might... Wasn't it the intent of the parties that he get X number of years or X number of days hard time? The agreement was... Isn't that what he bargained for to his attorney, that he actually served so many years? Some kind of time, yes. And that there was negotiations about that, and I think the idea that the state and the defense has to come to some kind of agreement about what the good conduct credits are because there's not just simply day-for-day. There's 75%, there's 85%, there's 100%. So bargaining and knowing what's going on is good. But then again... But didn't they agree amongst themselves that he would serve X number of years behind bars? They think that would be some point... Based upon erroneous belief that he would get so much good time. Right, and the only thing I can argue on that is that the state needs to read their statutes better and not make mistakes about this, and that sometimes they should be stuck with a guilty plea. So you're not asking that your client be given the benefit of the bargain for 10 years in prison? Well, I'm asking that my client be given the benefit of the bargain of 10 years in prison, and that they're thinking that 75% time was wrong might be seen by this court as a windfall, but that is what the statutes would require. But that's not what he bargained for, though. Well, in terms of the sentence, he did bargain in terms of a sentence of 10 years at 75%, which actually turned out to be one and a half more years than what they originally thought that he was going to have to serve. And so in the give and take of all that, you might as well throw out your hands and say, you've got to stop making mistakes at some point and let's move on and give him a day-for-day good time. Thank you, Your Honor. Thank you. Thank you both for your arguments. We'll take this matter under advisement and enter our decision in due course. Court's going to take a brief recess.